■ In the Matter of HOECHST CELANESE CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents. [694 NYS2d 204] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's application for a refund of corporate franchise tax paid under Tax Law article 9-A.

The relevant facts are not disputed by the parties. In March 1983, petitioner applied to the Internal Revenue Service (hereinafter IRS) for a tentative refund of Federal income tax for tax years ending December 31, 1979 and December 31, 1982. Petitioner's claim for a refund with respect to the tax year ending December 31, 1979 was based upon the carryback of a net operating loss sustained in 1982. Thereafter, in April 1983, petitioner received payment from the IRS reflecting the tentative carryback adjustment. Despite the requirements imposed by Tax Law § 211 (3), petitioner concededly did not report the tentative refund allowance to the Department of Taxation and Finance.

The IRS subsequently audited petitioner's Federal income tax returns for a number of years, including the tax year 1979. In August 1992, petitioner received an audit report from the IRS and thereafter agreed to, *inter alia*, accept an overassessment of tax for 1979. The record reflects that the refunds indicated by the audit were subject to review by the Joint Committee on Taxation which, in November 1992, advised that it took no exception to the findings made by the IRS.

Thereafter, in December 1992, petitioner filed with the Department form CT-3360, Federal Changes to Corporate Taxable Income, for 1979 seeking a refund in the amount of $286,427 based upon the carryback of the net operating loss sustained in 1982. By letter dated March 23, 1993, the Department advised petitioner that its 1979 refund claim was untimely, as it had not been filed within the period set forth in Tax Law § 1087 (d). An administrative hearing ensued, at the conclusion of which an Administrative Law Judge sustained

the denial of the requested refund. Respondent Tax Appeals Tribunal subsequently affirmed the Administrative Law Judge's decision, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the Tribunal's determination.

Tax Law § 211 (3) requires a taxpayer whose Federal taxable income has been changed or corrected by the Commissioner of Internal Revenue to report such changed or corrected taxable income for State tax purposes within 90 days after the "final determination" of such change and, to that end, provides that "[t]he allowance of a tentative carryback adjustment based upon a net operating loss carryback or net capital loss carryback pursuant to [26 USC § 6411], as amended, shall be treated as a final determination for purposes of [such] subdivision". Tax Law § 1087 (c), in turn, provides that if a taxpayer is required to file a report or amended return in accordance with the provisions of Tax Law § 211 (3), "claim for credit or refund of any resulting overpayment of tax shall be filed by the taxpayer within two years from the time such report or amended return was required to be filed with the tax commission". Hence, applying the foregoing provisions, petitioner had two years and 90 days from the IRS' final determination to seek a refund from the Department.

The record reflects that petitioner received an allowance for the carryback adjustment at issue in April 1983 which, pursuant to Tax Law § 211 (3), constituted a "final determination" for purposes of computing when the two-year period set forth in Tax Law § 1087 (c) began to run. As petitioner did not file the report required by Tax Law § 211 (3) or seek a refund from the Department until December 1992, the Tribunal appropriately concluded that petitioner's claim was untimely. To the extent that petitioner asserts that the legislative history underlying Tax Law § 211 (3) does not support the result reached by the Tribunal, we need note only that as the statute is clear on its face, resort to legislative history is unnecessary. Petitioner's remaining arguments in support of annulment have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.